UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KURT ADAMS<br>  a/k/a ASHLEY,<br><br>                Plaintiff,<br><br>                v.<br><br>T. WATSON Mr., Complex Warden, et al.,<br><br>                Defendants. | No. 2:19-cv-00341-JRS-DLP |

**Order Granting Motion for Summary Judgment**

In this civil rights case, plaintiff Kurt Adams, a transgender inmate who also goes by Ashley, alleges that the defendants created a culture of allowing violence against transgender inmates and that they have failed to protect Ms. Adams from sexual assault and other violence at the United States Penitentiary in Terre Haute, Indiana (USP – Terre Haute). She alleges the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment and the Equal Protection Clause of the Fourteenth Amendment.

The defendants have moved for summary judgment on the basis that Ms. Adams failed to exhaust her available administrative remedies before filing this lawsuit. Ms. Adams has failed to respond, and the time to do so has passed. For the following reasons, the motion for summary judgment is **granted**.

### I.     Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Ms. Adams failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the summary judgment standard: "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)). Accordingly, the following facts, unopposed by Ms. Adams and supported by admissible evidence, are accepted as true.

## II.     Facts

The Bureau of Prisons ("BOP") has promulgated an administrative remedy procedure, codified at 28 C.F.R. sections 542.10, *et seq.*, and BOP Program Statement 1330.18, Administrative Remedy Procedures for Inmates ("P.S. 1330.18"), through which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. This administrative

remedy system has been implemented at USP – Terre Haute. Dkt. 49-1 at ¶ 4.

Inmates receive information about the administrative remedy procedure when they arrive at a federal prison as part of the Admission and Orientation process. *Id.* at ¶ 5. During orientation, inmates receive an Admission and Orientation Handbook that outlines the administrative remedy filing procedures. *Id.* at ¶ 4. Inmates are instructed on where to find BOP Policy, FCC Terre Haute Institution Supplements, and how to access the Electronic Law Library. *Id.* at ¶ 5. The BOP Program Statements are also available in every institution's law library. *Id.*

All formal administrative remedy requests submitted by inmates are logged and tracked in SENTRY, which is the BOP's system of electronic data entry and retrieval. *Id.* at ¶¶ 2, 6. A full report of Ms. Adams' administrative remedy requests was run in SENTRY on January 27, 2021. *Id.* at ¶ 7; dkt. 49-6. The report shows that Ms. Adams filed no administrative remedy requests prior to filing her complaint on July 18, 2019. Dkt. 49-6.

### III. Discussion

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust her available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (footnote omitted). "To exhaust available remedies, a prisoner must comply strictly with the

prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020).

The undisputed evidence shows that Ms. Adams did not file any administrative remedies before filing her complaint. Accordingly, Ms. Adams' complaint must now be **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that all dismissals under 42 U.S.C. § 1997e(a) should be without prejudice).

### IV.   Conclusion

For the foregoing reasons, the defendants' motion for summary judgment for failure to exhaust administrative remedies, dkt. [49], is **granted.** Final judgment shall now issue.

**IT IS SO ORDERED.**

Date:   8/11/2021

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

KURT ADAMS
15943-035
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov